UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Lois Dare,

Plaintiff,

vs. MINUTE ORDER

Wal-Mart Stores, Inc.,

Defendant. Civ. No. 02-0001 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of September, 2002.

* * *

On September 6, 2002, this Court heard argument on the Defendant's informal Motion to compel the Plaintiff to execute certain authorizations for the release of information. At the time of the Hearing, the Defendant appeared by Jason M. Hedican, Esq., and the Plaintiff appeared by Patrick M. O'Donnell, Esq. For reasons expressed at the close of the Hearing, and reiterated below, we grant the Motion in part.

The Defendant seeks to compel the Plaintiff to execute two different types of authorizations -- one which would allow the Defendant to obtain copies of the Plaintiff's employment records, and the other to obtain the Plaintiff's pertinent medical records. As to the employment records, the Plaintiff contends that she is

(14)

SEP 12 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

not required to sign any release which authorizes the direct disclosure of documents to the Defendant, without first affording her an opportunity to review those records for privilege and relevance. We disagree. The Defendant could employ a Subpoena to secure the pertinent employment records and, since they are not the property of the Plaintiff, she has no standing to seek to quash that Subpoena. We are aware of no authority, and the Plaintiff has cited none, that allows her to deflect the authority of this Court's Subpoena, by determining which documents of a Third-Party are subject to disclosure or not. We see no real distinction between that approach, and her request to preview the results of the Defendant's legitimate discovery. If the Plaintiff has privacy concerns, then the parties are capable of drafting an appropriate Confidentiality Order.

As to her medical authorizations, we find that the Plaintiff has alleged no more than a "garden variety" emotional distress claim, which does not place her mental condition in controversy. See, O'Sullivan v. State of Minn., 176 F.R.D. 323, 327 (D. Minn. 1997). The Defendant does not assert any other relevance to the Plaintiff's medical records, and we discern none. We remind the Plaintiff, however, that, having elected not to place her medical condition in controversy, she is not at liberty to call any health care practitioners to testify at Trial about her medical condition,

and she will not be permitted to testify, at Trial, to anything other than the types of distress which are common to the loss of a job, or one of life's other stressors. She will not be permitted to advise of any medical treatment, or medications, which she may relate to the Defendant's conduct, as she has removed the issue of any medical or mental insult, attributable to the Defendant, from litigation. Accordingly, the discovery the Defendant requests -- through signed authorizations -- is not "relevant to the claim or defense of any party." See, Rule 26(b)(1), Federal Rules of Civil Procedure.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's informal Motion to Compel is GRANTED in part.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE