UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lois Dare,

Plaintiff

v.

Wal-Mart Stores, Inc.,

Defendant.

Civ. No. 02-0001 (PAM/RLE)

**ORDER**

---

This matter is before the Court on Defendant's objections to and appeal of the Minute Order of Magistrate Judge Raymond L. Erickson dated September 12, 2002. In his Order, Magistrate Judge Erickson determined that Defendant was not entitled to Plaintiff's medical records because Plaintiff had not put her medical condition at issue in the case. For the reasons stated below, this Court denies Defendant's appeal and affirms Magistrate Judge Erickson's Order denying Defendant access to Plaintiff's medical records.

Plaintiff Lois Dare commenced this action on January 2, 2002, alleging that Defendant Wal-Mart Stores, Inc. ("Wal-Mart") refused to hire her because of her race. Dare alleges violations of Minnesota Human Rights Act, Minn. Stat. § 363.03, and of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq. Dare includes "emotional distress, humiliation, and embarrassment" in her request for damages. (Complaint ¶¶ 27, 32.) Magistrate Judge Erickson characterized Dare's relief requests as including a garden variety claim of emotional distress, not one of psychological nature. Because Dare did not put her mental

FILED JAN 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

health at issue in the case, Magistrate Judge Erickson ruled that Dare's request for relief for suffering emotional distress was not a waiver of her doctor-patient privilege, and therefore, Wal-Mart could not compel disclosure of Dare's medical records.

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b). Wal-Mart now appeals Judge Erickson's Order, arguing that the ruling was clearly erroneous and contrary to law because it incorrectly applies the requirements of Rule 35 of the Federal Rules of Civil Procedure. The Court disagrees with Wal-Mart and affirms the Order.

In Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000), the Eighth Circuit held that a plaintiff could waive the psychotherapist-patient privilege recognized by the Supreme Court in Jaffee v. Redmond, 518 U.S. 1, 15 (1996). The Eighth Circuit analogized the psychotherapist-patient to that of an attorney-client privilege and observed that "similar to the attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." Schoffstall, 223 F.3d at 823. In this case, Dare includes emotional distress in her damages request. She does not specify the severity of the distress or in any way imply that Wal-Mart's actions impaired her mental health. She does not claim that she suffered unique psychological damage. Instead of bringing a claim for intentional infliction of emotional distress, which might have put her mental health at issue, she merely

inserts a boilerplate list of legal relief that includes emotional distress among other ubiquitous kinds of damages. Therefore, the Court affirms Magistrate Judge Erickson's Order, finding that Dare did not put her mental health at issue and did not waive her doctor-patient privilege. Wal-Mart is not entitled to disclosure of Dare's medical records.

This Court has carefully reviewed the record in this matter. Based on that review, the Court is satisfied that Magistrate Judge Erickson correctly decided the issue before him. His Order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Appeal (Clerk Doc. No. 16) is **DENIED**, and
2. The Order of Magistrate Judge Raymond L. Erickson, dated September 12, 2002 (Clerk Doc. No. 14) is **AFFIRMED**.

Dated: January 2, 2003

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.