UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Lois Dare,

Plaintiff,

vs. MINUTE ORDER

Wal-Mart Stores, Inc.,

Defendant. Civ. No. 02-01 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of January, 2003.

* * *

On January 8, 2003, the Court heard argument on the Motion of the Defendant, Wal-Mart Stores, Inc., for leave to amend its Answer in order to assert the affirmative defense of "after-acquired evidence." At the time of the Hearing, the Plaintiff Lois Dare appeared by Patrick M. O'Donnell, Esq., and the Defendant appeared by Jason M. Hedican, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, we have granted the Defendant's Motion to amend its Answer.

In this action, the Plaintiff alleges that the Defendant engaged in wrongful employment discrimination. The Defendant denies those allegations, and a detailed recounting of the factual background, which underlies the parties' claims and defenses, is un-

(26)

JAN 16 2003

necessary to our resolution of the Motion presented, and we turn to the specific issue in dispute.

At the Hearing on the Motions, the Defendant argued that leave should be granted to allow it to assert the affirmative defense of after-acquired evidence. The Defendant argued that it had timely filed its Original Answer, but that subsequent discovery revealed previously unknown evidence; to wit, that the Plaintiff lied on her employment application when she applied for a job in one of the Defendant's vision centers. Specifically, the Defendant asserted that document discovery, from one of the Plaintiff's previous employers, revealed that the Plaintiff was involuntarily terminated from that position, whereas the Plaintiff had claimed, on her employment application, that she was merely "laid-off" of that job.

We first considered the timeliness of the Defendants' Motion, which was filed after the deadline for such Motions, of August 1, 2002, but noted that the Plaintiff did not oppose the amendment on timeliness grounds, and a certain amount of any delay appears to have been occasioned by lethargy in the Plaintiff's responses to the Defendant's discovery. While marginal, we found good cause for the brief delay in the filing of this Motion to Amend.

For her part, the Plaintiff argued that, substantively, the Motion was superfluous as such a defense need not be affirmatively pled, while the Defendant expressed concern that, if not affirma-

tively pled, the defense might be considered to be waived. We join in the Defendant's view. "The after-acquired evidence rule * * * holds that an employer can escape liability for its discriminatory actions if the company learns, after the fact, of an otherwise legitimate reason for having taken the adverse employment action." Miller v. Alldate Corp., 2001 WL 777432, **8 (6th Cir. July 6, 2001), citing Johnson v. Honeywell Information Sys., Inc., 955 F.2d 409 (6th Cir. 1992). "The after-acquired evidence doctrine limits damages when an employer discovers evidence of prior employee misconduct after the employee's actual or constructive discharge, if that misconduct is 'of such severity that the employee would have been terminated on those grounds alone if the employer had known of it at the time of discharge.'" Blake-McIntosh v. Cadbury Beverages Inc., 1999 WL 643661, *5 (D. Conn. August 10, 1999), quoting McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 362-63 (1995); see also Waag v. Thomas Pontiac, Buick, GMC, Inc., 930 F. Supp. 393, 408 (D. Minn. 1996); E.E.O.C. v. Morgan Stanley & Co., Inc., 2002 WL 31778779, *1 (S.D.N.Y., December 11, 2002).

"The doctrine does not function as a bar to the assertion of an employment discrimination claim." Blake-McIntosh v. Cadbury Beverages Inc., supra at*5, citing McKennon v. Nashville Banner Publ'g Co., supra at 356-60 (stating that an employer cannot rely on information it did not have prior to termination to raise what

amounts to an "unclean hands" defense); see also Vichare v. AMBAC Inc., 106 F.3d 457, 468 (2nd Cir. 1996). "However, after-acquired evidence of wrongdoing precludes plaintiffs from seeking reinstatement or front pay, and limits the range of back pay available to that which would have accrued between the date of the employee's discharge and the date the after-acquired evidence was discovered." Id. Thus, the after-acquired evidence defense is a means by which employers can mitigate their damages upon a finding of liability.

Our Court of Appeals, in Sayre v. Musicland Group, Inc., 850 F.2d 350, 352 (8th Cir. 1988), held that mitigation of damages is an affirmative defense that must be pled affirmatively. See also, Red Deer v. Cherokee County, 183 F.R.D. 642, 653 (N.D. Iowa 1999) (holding that the after-acquired evidence defense "is an affirmative defense that must indeed be pleaded and proved pursuant to Rule 8(c)"). Accordingly, we find that the defense, which is predicated on after-acquired evidence must be pled affirmatively, or be waived. Accordingly, we have granted the Defendant's Motion to Amend so as to affirmatively assert the defense of after-acquired evidence.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion for Leave to Amend its Answer [Docket No. 20] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The District of Minnesota is pleased to announce the offering of a service called New Cases System (NCS) on our web site at www.mnd.uscourts.gov. The NCS lists new civil and criminal cases filed in St. Paul, Minneapolis or Duluth each day. It indicates the date assigned, case number, case name, the city in which the case was filed, and the District and Magistrate Judge assigned to the case.

The web NCS is available free of charge. The NCS may also be accessed from the public terminals located in the clerk's offices at the addresses above.